IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | Cr. No. 12-00646 JMS |
| Plaintiff-Respondent, | Civ. No. 16-00338 JMS-KSC |
| vs. | ORDER GRANTING VOLUNTARY DISMISSAL OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |
| RICHARD STUART HENDERSON, JR., | |
| Defendant-Petitioner. | |

**ORDER GRANTING VOLUNTARY DISMISSAL OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**I. INTRODUCTION**

Before the court is Petitioner Richard Stuart Henderson, Jr.'s ("Petitioner") Notice of Voluntary Dismissal ("Notice") of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion"). ECF No. 34. For the reasons discussed below, the court GRANTS voluntary dismissal of the § 2255 Motion.

**II. BACKGROUND**

On June 23, 2016, Petitioner filed his § 2255 Motion, challenging his sentencing designation of a prior Hawaii conviction for first degree terroristic threatening as a crime of violence under § 4B1.2 of the United States Sentencing Guidelines. ECF No. 71. On July 8, 2016, the court stayed this proceeding

pending a decision in *Beckles v. United States*, No. 15-8544, *cert granted*, 136 S. Ct. 2510 (Mem.) (June 27, 2016). ECF No. 29. *Beckles* was decided on March 6, 2017, — U.S. —, 137 S. Ct. 886 (2017), thereby lifting the stay.

On April 18, 2017, Petitioner's counsel filed a memorandum indicating that upon obtaining Petitioner's consent, he would seek dismissal of the § 2255 Motion pursuant to Federal Rule of Civil Procedure 41(a)(1). ECF No. 32. On April 24, 2017, the Government filed a memorandum opposing Petitioner's anticipated request for voluntary dismissal and seeking a ruling on the merits of the § 2255 Motion. ECF No. 33. On August 24, 2017, Petitioner filed the instant Notice pursuant to Rule 41(a)(1)(A)(i).[1] ECF No. 34. For the reasons discussed below, the court GRANTS voluntary dismissal.

///

///

---

[1] Federal Rule of Civil Procedure 41(a) provides in relevant part:

> (1) *By the Plaintiff.*
>     (A) *Without a Court Order.* Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>         (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>         (ii) a stipulation of dismissal signed by all parties who have appeared.
>     (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .

# III. DISCUSSION

Petitioner contends that he is entitled to voluntary dismissal under Rule 41(a)(1)(A)(i) because the Government has filed neither an answer nor a motion for summary judgment. The Government contends, however, that (1) Rule 41(a) does not apply to § 2255 proceedings, (2) voluntary dismissal would arguably relieve Petitioner from being subject to 28 U.S.C. § 2255(h)'s[2] restrictions applicable to second and successive petitions, and (3) because the law now clearly bars Petitioner's claim, the court should issue a ruling on the merits. The Government's arguments are not persuasive.

## A. Rule 41(a) Applies to § 2255 Actions

Rule 12 of the Rules Governing Section 2255 Proceedings (the "Governing Rules") provides that the Federal Rules of Civil Procedure apply "to the extent that they are not inconsistent with any statutory provisions or these

---

[2] Section 2255(h) provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

rules." Section 2255 sets forth the process by which a district court considers such a motion. 28 U.S.C. § 2255(b).³ And Governing Rule 4(b) directs the court to "promptly examine" a § 2255 motion, and dismiss the motion, if plainly appropriate, or direct the Government to respond.

The Government argues that because neither § 2255 nor Rule 4(b) authorizes dismissal without consideration of the merits, they are "inconsistent" with Rule 41(a) and preclude voluntary dismissal pursuant to Rule 41(a). Both this court and numerous other courts disagree. *See United States v. Cargill*, 2017 WL 1316925, at *2 (D. Minn. Apr. 7, 2017) (granting request for Rule 41(a) dismissal of § 2255 motion); *see also Goss v. United States*, 2017 WL 1244900, at *1 (E.D. Mich. Apr. 5, 2017) (dismissing § 2255 motion based on petitioner's Rule 41(a) notice of voluntary dismissal); *Ford v. United States*, 2016 WL 4499088, at *3 (C.D. Cal. Aug. 26, 2016) (offering petitioner the option of requesting Rule 41(a) voluntary dismissal of § 2255 petition). And although one district court found that it would be inappropriate to grant a Rule 41(a)(2) dismissal of a § 2255 claim now precluded by *Beckles*, that court did not rule that voluntary dismissal is necessarily

---

³ Section 2255(b) provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

4

precluded by § 2255 and Governing Rule 4(b). *United States v. Savage*, 2017 WL 13837660, at *1 (D. Mont. Apr. 12, 2017).

Based on the foregoing, the court finds that neither the statutory language of § 2255 nor Governing Rule 4(b) preclude a Rule 41(a) voluntary dismissal.

**B.     Application of Rule 41(a) to the Instant Proceeding**

Whether Rule 41(a)(1) or (a)(2) applies to this action, however, is not entirely clear. Even though the Government has not filed an answer or a motion for summary judgment (suggesting Rule 41(a)(1)(A)(i) applies) neither response is appropriate in § 2255 proceedings. And it is not clear whether the Government's memorandum opposing voluntary dismissal, filed prior to Petitioner's Notice, requires application of Rule 41(a)(2).

Regardless, granting dismissal pursuant to Rule 41(a)(2) is within the court's discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[L]egal prejudice 'does not result simply when [a]

defendant faces the prospect of a second lawsuit or when [a] plaintiff merely gains some tactical advantage' by dismissing the action." *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2016 WL 5842187, at *2 (C.D. Cal. Oct. 5, 2016) (quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). Additionally, courts consider whether the plaintiff's request was timely, *see Deckers Outdoor Corp.*, 2016 WL 5842187, at *2, and "whether a dismissal would result in a waste of judicial time and effort," *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014).

Here, Petitioner's Notice was filed shortly after *Beckles* was decided, so it was not unduly delayed. Dismissal will not deprive the Government of any legal interest, argument, or claim in this proceeding. The Government has not expended significant legal or monetary resources while the case was stayed, or in opposing voluntary dismissal. Finally, whether dismissal of this proceeding would provide Petitioner with a tactical advantage in avoiding application of § 2255(h) to any future § 2255 motion is irrelevant here -- such a tactic does not constitute legal prejudice, whether it would be successful is speculative, and that issue is not before the court. *See Hamilton*, 679 F.2d at 145; *see also Savage*, 2017 WL 1383660, at *1 ("It is not clear that a dismissal with prejudice would preclude him from proceeding with another § 2255 motion raising a different claim in the future, based on newly discovered evidence or new law."); *Goss*, 2017 WL 1244900, at *1

6

n.1 ("The effect the filing and voluntary dismissal of the [§ 2255] petition may have on Goss's rights and obligations under 28 U.S.C. § 2255(h) will be determined if and when he attempts to file a subsequent petition.").

Because dismissal would neither prejudice the Government nor cause judicial waste, and the request for dismissal was timely, voluntary dismissal under either Rule 41(a)(1)(A)(i) or (a)(2) is appropriate.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Petitioner's § 2255 Motion is dismissed pursuant to Rule 41(a). The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Henderson*, Cr. No. 12-00646 JMS, Civ. No. 16-00338 JMS-KSC, Order Granting Voluntary Dismissal of Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody